UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ROBERT R.,

                                                        DECISION AND ORDER

                      Plaintiff,

                                                        20-CV-1892L

              v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                    Defendant.
_____

       Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

       On May 6, 2019, plaintiff filed an application for a period of disability and disability insurance benefits, alleging an inability to work since March 26, 2018. (Dkt. #8 at 21). His application was denied initially, and upon reconsideration. Plaintiff requested a hearing, which was held on July 9, 2020 by teleconference with administrative law judge ("ALJ") Andrew J. Soltes, Jr. The ALJ issued a decision on August 27, 2020, finding plaintiff not disabled. (Dkt. #8 at 21-30). That decision became the final decision of the Commissioner when the Appeals Council denied review on November 25, 2020. (Dkt. #8 at 7-9). Plaintiff now appeals.

       The plaintiff has moved pursuant to Fed. R. Civ. Proc. 12(c) for judgment vacating the ALJ's decision and remanding the matter for further proceedings (Dkt. #12), and the Commissioner has cross moved for judgment dismissing the complaint (Dkt. #16). For the reasons

set forth below, the plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

## DISCUSSION

Familiarity with the five-step evaluation process for determining Social Security disability claims is presumed. *See* 20 CFR §404.1520. The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

**I.     The ALJ's Decision**

Plaintiff was born August 7, 1960, and was 57 years old on the alleged onset date, with a high school education and past relevant work as a distribution manager. (Dkt. #8 at 29). His medical treatment records reflect a history of anxiety, depression, posttraumatic stress disorder ("PTSD"), and opioid abuse disorder, which the ALJ found to be severe impairments not meeting or equaling a listed impairment. (Dkt. #8 at 23).

In applying the special technique for mental impairments, the ALJ determined that plaintiff has moderate limitations in understanding, remembering, or applying information, moderate limitations in interacting with others, moderate limitations in maintaining concentration, persistence, and pace, and moderate limitations adapting or managing himself. (Dkt. #8 at 24). The ALJ accordingly concluded that plaintiff's mental impairments were not, by themselves, disabling.

After reviewing the evidence of record, the ALJ determined that the plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but is limited to low-stress occupations (defined as involving only simple routine tasks, basic work-related decisions, and rare changes to the work setting), with no more than occasional

superficial interaction with the public, and no more than occasional interaction with coworkers and supervisors. (Dkt. #8 at 26).

When presented with this RFC as a hypothetical at the hearing, vocational expert Martina Henderson testified that such an individual could not perform plaintiff's past relevant work as a distribution manager. However, he could perform the representative positions of dish washer and hand packager. (Dkt. #8 at 30). The ALJ accordingly found plaintiff not disabled.

## II.  The ALJ's Assessment of Medical Opinion Evidence

Plaintiff primarily alleges that the ALJ failed to properly consider the medical opinions of record in determining plaintiff's RFC.

In assessing medical opinion evidence, the Commissioner "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. §§404.1520c(a), 416.920c(a). Rather, the Commissioner will consider *all* medical opinions in light of five factors: (1) supportability; (2) consistency with other evidence of record; (3) the source's relationship with the claimant, including the length of the treatment relationship, the frequency of examinations, and the nature, purpose and extent of the treating or examining relationship; (4) area of specialization; and (5) any other factors that "tend to support or contradict a medical opinion or prior administrative medical finding." *Id*. at §§ 404.1520c(c), 416.920c(c)(emphasis added). The ALJ must articulate his consideration of the medical opinion evidence, including how persuasive he finds the medical opinions of record, and must specifically explain how the supportability and consistency factors were weighed. *See Salleh D. v. Commissioner*, 2022 U.S. Dist. LEXIS 427 at *9-*11 (W.D.N.Y. 2022).

3

Here, the record contained medical opinions from a number of treating and examining sources. Plaintiff's treating psychiatrist, Dr. Jarod Masci, opined on October 5, 2018 that in addition to some moderate limitations, plaintiff is "markedly" limited with respect to reliability, making work-related decisions, and performing a variety of duties, and "extremely" limited with respect to working with or managing others, and performing under stress. (Dkt. #8 at 609-14). The ALJ found Dr. Masci's opinion only "partially persuasive," finding plaintiff's history of "routine psychiatric care and medication management," with no psychiatric hospitalizations or suicidal/homicidal ideations, to be inconsistent with marked or extreme limitations. (Dkt. #8 at 25, 28).

Treating mental health counselor Kelly Ghani made several assessments related to plaintiff's work-related mental functioning. For example, on March 27, 2019, Ms. Ghani, along with Dr. Masci, opined that plaintiff "continues to experience significant difficulties managing depression and anxiety, as well as symptoms associated with [PTSD, and] it is our recommendation that he remain out of work through May 31, 2019," after which they recommended that he return to work in "an alternative job placement," since the "stressors" associated with his former job "could lead to exacerbation of symptoms." (Dkt. #8 at 585).

It does not appear that the anticipated return-to-work after May 31, 2019 came to pass, as progress notes by Ms. Ghani on July 10, 2019 and August 19, 2019 (as well as progress notes by Dr. Masci) indicated that plaintiff was "improving toward being clinically stable," but continued to require ongoing mental health treatment and was "not able to work." (Dkt. #8 at 521-22, 526-27). The ALJ found Ms. Ghani's assessments "persuasive" to the extent that they suggested some ability to function in a low-stress work environment. (Dkt. #8 at 25, 28).

Consulting psychologist Dr. Janine Ippolito examined plaintiff on July 23, 2019 and found that he had mild to moderate limitations in regulating emotions and controlling his behavior, and mild limitations in concentration and maintaining a consistent pace. (Dkt. #8 at 502-505). The ALJ found Dr. Ippolito's opinion "slightly understated but largely persuasive," given that it was supported by objective examination findings. (Dkt. #8 at 24, 27-28).

Finally, the ALJ considered opinions from two state agency consultants, Dr. M. Butler and Dr. J. May, who reviewed the record and separately opined that plaintiff's mental health impairments were non-severe. (Dkt. #8 at 85, 99). The ALJ found these opinions "unpersua[sive]," given that they were unsupported by any in-person examination, and were inconsistent with the record, which showed an ongoing need for regular and routine mental health treatment. (Dkt. #8 at 25, 28).

Plaintiff contends that the ALJ's characterization of plaintiff's mental health treatment as "routine" was incorrect, that the ALJ failed to properly credit treating source opinions concerning plaintiff's ability to return to work, and that the ALJ overlooked additional opinions by treating therapist Mignyetta Ramnani, LCSWR, that suggested a greater level of limitation than the ALJ determined. (Dkt. #7 at 442-45, 631-39).

With respect to ALJ's assessment of the medical opinions of record, he was free "to choose between properly submitted medical opinions." *McBrayer v. Sec'y of Health & Human Servs.*, 712 F.2d 795, 799 (2d Cir. 1983). The ALJ's findings that certain assessments were less persuasive due to, e.g., a lack of in-person examinations or supportive objective findings, or their expression of an opinion on the ultimate issue of disability, were wholly proper. The ALJ sufficiently stated his reasons for rejecting some of the more dramatic limitations indicated by medical sources, such as their inconsistency with plaintiff's objective symptoms and course of treatment, as well as his

rationale for including limitations in his RFC finding that exceeded those indicated in other medical opinions. Nor did the ALJ's description of plaintiff's treatment as "routine" due to the lack of psychiatric hospitalizations, or his condition as "stable" due to consistent objective findings that were grossly normal, amount to a mischaracterization of the record. Accordingly, the Court finds no error in the ALJ's weighing of the medical opinions that he did discuss.

Nonetheless, the ALJ's failure to consider or even mention Ms. Ramnani's opinions concerning plaintiff's mental RFC – suggesting that he may have overlooked them entirely – constitutes reversible error.[1]

Simply put, plaintiff was entitled to consideration of Ms. Ramnani's assessments, and an explanation for the ALJ's rejection of the limitations they described. See 20 C.F.R. §404.1527(c) ("[r]egardless of its source, [the Commissioner] will evaluate every medical opinion [it] receive[s]"); *Garrett W. v. Commissioner*, 2021 U.S. Dist. LEXIS 41003 at *10 (W.D.N.Y. 2021)("the ALJ's failure to consider the opinions of [examining physicians] and explain the weight to be assigned to them constitutes an error that, unless harmless, requires remand"); *Acly-Blakeslee v. Commissioner*, 2019 U.S. Dist. LEXIS 219890 at *7 (W.D.N.Y. 2019) ("[i]n assessing a disability claim, an ALJ must consider and weigh the various medical opinions of record[;] . . . [t]he failure to do so is an error warranting remand").

While an ALJ's overlooking of a medical opinion may constitute harmless error where the opinion is not favorable to the claimant or does not contradict the ALJ's ultimate findings, here, the Court cannot conclude that the error was harmless. Ms. Ramnani's opinions specify significant

---

[1] Plaintiff also argues that the ALJ overlooked medical opinions by Dr. Mitchell Cabisudo, in the form of the global assessment of functioning ("GAF") scores he assigned in treatment notes. However, GAF scores are not medical opinions, to the extent that they provide no meaningful indication of a plaintiff's abilities to perform work-related functions (20 C.F.R. §404.1513(a)(2)), and it is well settled that GAF scores are "not binding" on an ALJ, and that an ALJ's failure to discuss them does not constitute reversible error. *See Parvon v. Commissioner*, 2020 U.S. Dist. LEXIS 40498 at *22 (W.D.N.Y. 2020)(collecting cases).

6

limitations favorable to plaintiff – including severely impaired attention, concentration, and memory – which, if credited, would result in a more restrictive RFC finding than the ALJ determined. Furthermore, had the ALJ considered Ms. Ramnani's opinions in the first instance, it might have altered his conclusions as to the persuasiveness of the medical opinions he *did* consider. Specifically, while the ALJ rejected portions of those opinions as "inconsistent" with record as a whole, his apparent overlooking of Ms. Ramnani's assessments suggests that he may not have had the complete record in mind. Thus, proceedings on remand should include reconsideration of the entire record, including a fresh assessment of the persuasiveness of all medical opinions therein.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to vacate the ALJ's decision and remand the matter (Dkt. #12) is granted, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #16) is denied. The matter is remanded for additional proceedings, to include the issuance of a new decision, which takes account of the entire record, and makes detailed findings as to the persuasiveness of all medical opinions therein.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 20, 2022.